# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| 3M COMPANY | |
| Plaintiff, | Case No. 1:20-CV-04515-SCJ |
| v. | |
| ADDIAN, INC., UNITED GLOBAL ALLIANCE AND QANEX, INC. | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order ("Order") was submitted to the Court by the Plaintiff 3M Company ("*3M*") and Defendants Addian, Inc. ("*Addian*") and Qanex, Inc. ("*Qanex*"), (collectively, the "Parties").

The Court has reviewed its terms, and finds that such an Order is necessary considering the circumstances and that good cause supports its entry in this matter. Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

1.  <u>Findings</u>.

    Due to the nature of this trademark, false advertising, unfair competition and deceptive trade practices case, the Court finds that this Protective Order is necessary for the good cause of ensuring proper and efficient conduct of this action

and to protect the Parties' respective commercial interests in proprietary scientific, marketing, and commercial information. Specifically, the Parties in this action will need to request and/or produce information from each other that they contend contains or constitutes trade secrets or other confidential research, development or commercial information, sensitive financial information, and/or private personnel information. The Court finds that the disclosure of this information will likely cause the producing Party significant harm if this information is disclosed to competitors or others without the conditions and protections contained herein.

This Order therefore applies to and governs the treatment of all information contained in documents, depositions, deposition exhibits, interrogatory answers, responses to requests for production, responses to requests for admission, responses to subpoenas, and other written, recorded, computerized, electronic, or graphic matter, copies, excerpts, or summaries of documents ("Discovery Material") produced by any Party or non-party (a "Producing Party") in this litigation.

2.      Definitions.

      a.      "Confidential" or "CONFIDENTIAL" information is information that, if disclosed or otherwise made available to others and/or the public, the Producing Party reasonably and in good faith believes that

such disclosure would contravene the Producing Party's obligation of confidentiality to a third party and/or will likely harm the Producing Party's competitive position concerning, *inter alia*: that Party's business operations; business processes; business strategies; confidential information regarding customers, dealers and distributors and/or other commercially sensitive information that is not publicly known.

b. "Highly Confidential – Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is information that, if generally disclosed to the opposing Party, the Producing Party reasonably and in good faith believes that such disclosure will likely harm the Producing Party's competitive position concerning, *inter alia*: trade secrets; customer/supplier lists and other highly confidential information regarding customers, dealers and distributors; non-public technical information; confidential financial information; manufacturing and research information; confidential commercial information regarding the technology used to make and/or confirm the authenticity of the products at issue in the litigation; and/or other highly-sensitive information that is not publicly known.

c.      Information should not be designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" if it is or consists of publicly disclosed advertising materials; materials that on their face show that they have been published to the general public; information that was known to the recipient without obligation of confidentiality before the Producing Party disclosed it; information that becomes known to the recipient by means not constituting a breach of this Order or other obligations of confidentiality; and information obtained lawfully independently of this litigation.

3.      <u>Designation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."</u>

a.      All confidential Discovery Material in the form of physical objects or documents shall be designated by stamping or affixing on the face of each document and on each page or portion thereof one of the following two legends: "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or "Attorneys' Eyes Only" (in either lower case or upper case letters) (the "Confidentiality Designation).

b.      All confidential Discovery Material in the form of software or digital material stored on an electronic storage device shall be designated confidential by placing either the applicable Confidentiality Designation or

legend on the device itself, if possible, or by designating the specific material using the applicable confidentiality designation in accompanying correspondence, email, or similar transmission.

c.     Testimony given at a deposition or hearing and the resulting transcript may be designated as Confidential or Highly Confidential – Attorneys' Eyes Only within thirty (30) days after receipt of a copy of the transcript by advising the opposing party and the stenographer in writing of the specific page and line numbers designated as Confidential or Highly Confidential.  All copies of deposition transcripts that contain information or material designated as confidential Discovery Material shall be marked using the applicable Confidentiality Designation on the cover of the deposition.

d.     A Producing Party who has designated information as Confidential or Highly Confidential – Attorneys' Eyes Only may withdraw the designation by written notification to all Parties.

4.     <u>Use and Disclosure of Confidential and Highly Confidential – Attorneys' Eyes Only Information</u>.

a.     Until or unless the Court rules otherwise, material marked or otherwise designated as Confidential and Highly Confidential – Attorneys'

Eyes Only shall be maintained in strict confidence by the Parties to whom such material is produced under the terms set forth below.

b.     Confidential Information may only be disclosed to:

i.     Up to six (6) identified officers, directors, employees and/or consultants of the receiving Party as part of their assistance with preparing, prosecuting and/or trying the case[1];*

ii.     Outside counsel for the respective Parties, including their clerical, litigation support and paralegal employees;

iii.     Outside Experts retained to assist counsel for the Parties who are specifically engaged by counsel or the Parties to assist in this litigation, subject to § 4(c) of this Order;

iv.     Any witness deposed or otherwise testifying in the litigation, who shall be provided prior to or at the outset of the deposition, hearing or trial with a copy of the Stipulated Protective Order on record at the deposition. In such instance, the deponent shall be bound by the provisions of the Stipulated Protective Order and shall be informed that the deponent is bound by its terms;

v.     Any court reporter, stenographer and/or video recorder operator retained by any Party to record a deposition or court hearing in the Case;

vi.     Any outside copy services or litigation support services whose function requires them to have access to material designated as Confidential or Highly Confidential – Attorneys' Eyes Only under this Protective Order;

---

[1] Each Party shall identify their Party representative under category 4(b)(i) before or within five (5) business days of sharing such documents with each such representative unless otherwise agreed to by the Parties.

vii.    The Court, its personnel, officers, court stenographers, and any other person designated by the Court in this litigation in the interest of justice, upon such terms as the Court may deem proper; and

viii.    Any mediator(s), arbitrator(s), or special master(s) attempting to assist in resolving or adjudicating all or any portion of this matter, *provided that*: (a) the mediator(s), arbitrator(s), or special master(s) are appointed by the Court or all parties agree in writing that the mediator(s), arbitrator(s), or special master(s) may serve in that capacity.

c.    Highly Confidential – Attorneys' Eyes Only Information may only be disclosed to:

i.    Outside Counsel (see 4(b)(ii));

ii.    Outside Experts (see 4(b)(iii));

iii.    Court reporters, stenographers and/or video recorders (see 4(b)(v));

iv.    The Court, its personnel and those persons designated by the Court to view Highly Confidential Information (see 4(b)(vii));

v.    Any mediator(s), arbitrator(s), or special master(s) appointed by the Court or agreed to by the Parties (see 4(b)(viii)); and

vi.    Any person who, based on the face of the Highly Confidential document, as established through specific documentary or testimonial evidence or as agreed to by the Producing Party, authored or previously received a copy of said documeent.

d.    A Party may not disclose information designated by another Party as Confidential and/or Highly Confidential – Attorneys' Eyes Only to

persons allowed to view such materials under Sections 4(b)(i), (iii) & (viii) and Sections 4(c)(ii) & (v) until that person has signed and agreed to the provisions set forth in Appendix A to this Order.  Except as noted in Section 4(e) below, the Party obtaining the person's signature and agreement in the form of Appendix A must serve a copy of that signed Appendix on all other Parties within five business days after its execution and at least five business days before the first disclosure of information designated as Confidential or Highly Confidential – Attorneys' Eyes Only to that person.

e.      A Party disclosing Confidential and/or Highly Confidential – Attorneys' Eyes Only information to an expert employed for trial preparation as described in Fed.R.Civ.P. 26(b)(4)(D) shall obtain signature and agreement from such expert as described in Section 4(d) above.  The Party disclosing such information to such an expert shall retain a copy of the signed agreement and shall notify the other Party that a disclosure has been made to a consulting expert, but shall not be required to disclose the name of the consulting expert until the conclusion of this litigation, including all appeals therefrom.

f.      A Party may disclose information designated as Confidential or Highly Confidential – Attorneys' Eyes Only to: (i) any employee or author

of the Producing Party; (ii) any person, no longer affiliated with the Producing Party, who authored the information in whole or in part; and (iii) any person who lawfully received the information before this case was filed.

g.      A Party who wishes to disclose information designated as Confidential or Highly Confidential – Attorneys' Eyes Only to a person not authorized by this Order to receive it must first make a reasonable attempt to obtain the Producing Party's permission.  If the Party is unable to obtain permission, it may move the Court to obtain permission.

5.    <u>Inadvertent Disclosure</u>.

a.      Confidential Discovery Material inadvertently produced without the applicable Confidentiality Designation does not alter or waive the protected and confidential nature of the material, *provided that* the Producing Party provides notice in writing within thirty (30) days after becoming aware that the confidential Discovery Material was not properly designated, but no later than four (4) months after such information was produced.  If confidential Discovery Material is designated subsequent to production or testimony, the receiving Party promptly shall collect any copies that have been provided to individuals other than those authorized by this Order and shall destroy or return them to the Producing Party.

b.     Consistent with Federal Rule of Evidence 502, the inadvertent production of any information claimed to be subject to the attorney-client privilege, the work-product doctrine, or any other privilege is not a waiver of that privilege or protection, so long as the holder of the privilege took reasonable steps to prevent disclosure and took reasonable steps to rectify the error. Upon reasonably prompt written request of the Producing Party, the recipient of such information must promptly return the information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim.

6.     <u>Disputes over Designation(s)</u>.

a.     If a Party disputes a Producing Party's designation of Discovery Material as Confidential or Highly Confidential – Attorneys' Eyes Only, the Party shall notify the Producing Party in writing of the basis for the dispute (the "Objection"), identifying the specific Discovery Materials and Confidentiality Designation(s) which are disputed and proposing a new designation for such Materials. The objecting Party and the Producing Party

shall then meet and confer to attempt to resolve the Objection without involvement of the Court.

b. If the Parties cannot resolve the Objection within fourteen (14) days of when the Objection was served on the Producing Party, the objecting Party may then seek relief from the Court to re-designate the Discovery Materials in dispute. The Producing Party bears the burden of proving that the Discovery Materials are properly designated as Confidential or Highly Confidential – Attorneys' Eyes Only. The Discovery Materials shall remain subject to the Producing Party's Confidentiality Designation until the Court rules on the dispute.

c. If the Party challenging the designation of the Discovery Materials does not seek relief from the Court regarding an unresolved challenge to the designation of the Discovery Materials, the designated Materials shall continue to be subject to the applicable confidential treatment as provided in this Order.

d. A Producing Party's designation of Discovery Materials as Confidential or Highly Confidential – Attorneys' Eyes Only and/or a Party's failure to contest a specific Confidentiality Designation of information is not

an admission that the information was properly designated, and it is not determinative of whether such Discovery Materials are entitled to be deemed as such.

7.    Use of Confidential Material in Pleadings or at Hearing.

a.    Discovery Materials designated as Confidential or Highly Confidential – Attorneys' Eyes Only may be filed under seal with the Court, such as in support of or in opposition to a motion, only in accordance with Judge Jones instructions governing Motions to Seal, which is set forth as follows (or as may be subsequently revised or amended):

As a general matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files. If a party has very good cause to request sealing of material marked or identified as "CONFIDENTIAL,"[1] said party, after notification to the opposing party, may file a motion to seal in accordance with the Court's Procedures for Electronic Filing Documents Under Seal, located in Section II(J) of Appendix H to the Local Rules of the Northern District of Georgia.[2] After entry on the docket, the Court will review the material *in camera* and decide whether to grant or deny the motion to seal.

[1] As further clarification, the Court notes that a mere reference or discussion of confidential information does not warrant the entire document and all attachments to be filed under seal. Instead, the Court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information.

[2] The Procedures for Filing Documents Under Seal *only* apply to attorneys. All *pro se* parties must manually file a motion to seal at the Clerk's Office. The material subject to the seal request should be attached as an exhibit to the motion. The Clerk will enter the motion on the docket under a provisional seal, without public viewing access.

b.     When any Discovery Material is filed with the Court under this paragraph, the filing Party shall the same day email a copy of all materials so filed to counsel of record for the opposing party.

c.     Discovery Materials designated under a Confidentiality Designation may be used in a filing before any special discovery master in accordance with the preferences of that special discovery master.

d.     Discovery Materials designated under a Confidentiality Designation may be offered into evidence at trial or hearing on preliminary injunction without having to be placed under seal.  The parties agree to jointly petition the Court to establish procedures to protect such Discovery Materials at trial or hearing before any such trial or hearing is begun.

8.     <u>Reasonable Precautions and Storage</u>.

Counsel for each Party shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of any designated Discovery Material.  If the Party receiving the designated Discovery Material learns of any improper disclosure of designated Discovery Material, the Party's counsel shall attempt to obtain all copies of the disclosed Material and shall inform the Party designating the material as confidential Discovery Material promptly of the disclosure and the

circumstances surrounding the disclosure, but no later than three (3) business days after discovery of such disclosure. Confidential Discovery Material subject to the terms of this Order shall, when not in use, be stored in such a manner that persons not in the employment or service of those possessing such Confidential Discovery Material will be unlikely to obtain access to it.

9.     Document Disposal.

Except as otherwise agreed in writing by the Parties, all Discovery Material designated under a Confidentiality Designation and produced hereunder, and all copies thereof, shall be returned to the Producing Party at the Producing Party's cost within 60 days after the final conclusion of this case, including the expiration of time for any appeals. In the alternative, receiving counsel may destroy all Discovery Materials designated as Confidential and serve a written certification of their destruction on counsel for the Producing Party. Counsel of record may retain a paper set and digital set of: (i) all filings with the Court or served in connection with this matter; (ii) all deposition, hearing and trial transcripts and exhibits; and (iii) all work product containing or reflecting confidential Discovery Material, all of which shall remain subject to this Order.

10. <u>Use in Litigation Only</u>.

Discovery Material designated with a Confidentiality Designation under this Order may and shall only be used for the prosecution or defense of the claims, counterclaims, and/or cross-claims in this case. This Order shall not enlarge or affect the scope of permissible discovery in this litigation.

11. <u>Right to Injunctive Relief for Violation</u>.

The Court finds that any violation of this Order will likely cause irreparable injury to the Producing Party, with no adequate remedy at law for such violation. Therefore, the Parties shall have the right, in addition to any other remedies available to them at law or in equity, to seek to enjoin any other person, entity, or party from any intentional violation of this Order.

12. <u>Provision of Legal Advice</u>.

This Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any Party client an evaluation in a general way of confidential Discovery Material produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents, directly or indirectly, of any confidential Discovery Material produced herein, which disclosure would be contrary to the terms of this Order.

13.    Joinder of Parties.

This Order shall be binding upon any party joined in the litigation unless and until the Court, pursuant to a request by the joined party or on its own accord, orders that the joined party is not subject to the terms of the Order.

14.    Survival of Obligations.

This Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

15.    No Waiver.

Nothing in this Order prevents a Party from disclosing its own documents and information as it sees fit.  Any use or discussion of confidential Discovery Material shall not be deemed a waiver of the terms of this Order, unless the Producing Party utilizes the information in open court without a request for confidential treatment or in a pleading or motion that is filed under seal.

16.    Production of Information Pursuant to Process.

If confidential Discovery Material in the possession, custody, or control of a receiving Party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to

have opportunity to seek such information by compulsory process or discovery request, including private parties, the receiving Party to whom the process or discovery request is directed shall within five (5) business days after receipt thereof, give written notice of such process or discovery request together with a copy thereof, to counsel for the Producing Party. The Producing Party may move against the subpoena or other process, or otherwise oppose entry of any order by a court of competent jurisdiction compelling production of the confidential Discovery Material. If the Producing Party objects or moves against the subpoena or other process, the Party receiving the subpoena or process shall not produce confidential Discovery Material before the actual due date for compliance, and shall not object to or interfere with any effort by the Producing Party to seek a prompt judicial determination of the Producing Party's motion or objection before compliance is required.

17.    <u>Not an Admission</u>.

Nothing in this Order or done by the parties pursuant to this Order shall constitute an admission by the party, or shall be used as evidence, that information designated as Confidential or Confidential –Attorneys' Eyes Only is actually confidential Discovery Material. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking

any available protection with respect to any confidential Discovery Material, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

**SO ORDERED,** this _____ day of December, 2020.

_____
Hon. Steve C. Jones
United States District Judge
Northern District of Georgia

Stipulated and agreed to on December 15, 2020 by:

| | |
|---|---|
| **/s/ J. William Manuel** | **/s/ John M. Bowler** |
| Chad A. Shultz | John M. Bowler |
| Georgia Bar No. 644440 | Georgia Bar No. 071770 |
| cshultz@grsm.com | john.bowler@troutman.com |
| V. Phillip Hill IV | Lindsay Mitchell Henner |
| Georgia Bar No. 637841 | Georgia Bar No. 272310 |
| phill@grsm.com | lindsay.henner@troutman.com |

| | |
|---|---|
| **Gordon Rees Scully Mansukhani, LLP** | **Troutman Pepper Hamilton Sanders LLP** |
| 55 Ivan Allen Blvd. NW | 600 Peachtree Street, N.E. |
| Suite 750 | Suite 3000 |
| Atlanta, Georgia 30308 | Atlanta, Georgia 30308-2216 |
| Tel:  (404) 869-9054 | Tel:  (404) 885-3000 |

- And -                                *Attorneys for Defendant Addian, Inc.*

James William Manuel
*Pro Hac Vice*
wmanuel@bradley.com                    **/s/ Damon J. Whitaker**

**Bradley Arant Boult Cummings, LLP**                    Christopher P. Galanek
188 E. Capitol Street                    Georgia Bar No. 282390
Jackson, Mississippi 39215-1789          chris.galanek@bclplaw.com
Tel:  (601) 948-8000                     Damon J. Whitaker
                                         Georgia Bar No. 752722
                                         damon.whitaker@bclplaw.com

*Attorneys for Plaintiff 3M Company*     **Brian Cave Leighton Paisner LLP**
                                         1201 West Peachtree Street NW
                                         14th Floor
                                         Atlanta, Georgia 30309
                                         Tel:  (404) 572-6600

                                         *Attorneys for Defendant Qanex, Inc.*

#602755742_1

**APPENDIX A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| 3M COMPANY | Case No. 1:20-CV-04515-SCJ |
| Plaintiff, | |
| v. | |
| ADDIAN, INC., UNITED GLOBAL ALLIANCE AND QANEX, INC. | |
| Defendants. | |

**ACKNOWLEDGEMENT OF CONFIDENTIALITY**

I hereby affirm that:

1.      Select materials containing information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (or "Attorneys' Eyes Only") as defined in the Stipulated Protective Order (the "Order") may be provided to me in connection with this litigation.

2.      I have been given a copy of and have read the Order.

3.      I am familiar with the terms of the Order and I agree to comply with and to be bound by the terms thereof.

4.      I submit to the jurisdiction of this Court for enforcement of the Order.

5.      I agree not to use any "Confidential" or "Highly Confidential –

Attorneys' Eyes Only" information disclosed to me pursuant to the Order for any purpose other than to provide assistance or review of the above-captioned litigation or settlement thereof, and I agree not to disclose any such "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information to persons other than those specifically authorized by said Order, without the express written consent of the Party who designated such information as being confidential or by order of this Court.  I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of said Order.

6.     I understand that I am to retain all documents or materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in his matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information are to be returned to counsel who provided me with such documents and materials.

Dated:_____     By:_____

Name & Title:_____

Company:_____