# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| 3M COMPANY, | : | |
| | : | |
| Plaintiff, | : | Case No.: 1:20-cv-4515-SCJ |
| | : | |
| v. | : | |
| | : | |
| ADDIAN, INC., UNITED GLOBAL ALLIANCE AND QANEX, INC. | : | |
| | : | |
| Defendants. | : | |
| | : | |

## THIRD NOTICE OF DEPOSITION OF QANEX, INC.

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff 3M Company, by its undersigned attorneys, will take the deposition upon oral examination of Qanex, Inc. on Monday, December 28, 2020, at 9:00 a.m. EST, 8:00 a.m. CST, and continuing from day to day until completed, via video conference, before an officer duly authorized to administer oaths. The deposition will be recorded by a court reporter. The witness will appear at via Zoom. The deposition will be taken on the attached topics and be valid for all purposes provided and contemplated by the Federal Rules of Civil Procedure.

### DEFINITIONS

The following uniform definitions apply to the Deposition Topics below:

1. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

1

3. "Defendants," "You," "Your," or "Qanex" refers to any or all of: (a) Defendant Qanex, Inc. and (b) United Global Alliance's officers, directors, employees, partners, corporate parent, subsidiaries, agents, affiliates or anyone else acting on your behalf.

4. "3M" refers to any or all of (a) Plaintiff 3M Company and (b) 3M's officers, directors, employees, partners, subsidiaries, agents, or affiliates.

5. "Person" means as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

6. "All," "any," and "each" shall each be construed as encompassing any and all.

7. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8. Number. The use of the singular form of any word includes the plural and vice versa.

9. "Complaint" refers to the Complaint Plaintiff filed on November 4, 2020 and any amended or superseding pleadings filed thereafter.

10. "Include," "including," and the like means including without limitation.

## DEPOSITION TOPICS

1. Your efforts to sell, broker sales for, or otherwise engage in commercial transactions regarding 3M N95 respirators in 2020.

2. All efforts by You to enter into an agreement with the State of North Carolina for the sale of 3M N95 respirators.

3. All Documents You produced in response to 3M's First Set of Requests for Production served in this matter.

4. Documents and Communications, whether written or electronic, between any of United Global Alliance, Qanex, Inc., Addian, Inc., Media Fulfillment, Bachir Diagne, Thomas Wolworth, Adam Wolworth, Two Canoes, LLC, A. Obvious, LLC, Okeanos Group, and/or Nathan Kamelhar related to the procurement, sourcing, importation, sale, offer to sell, purchase, return or other actions involving 3M branded disposable respirators.

5. Documents and Communications, whether written or electronic, or any purchase orders, contracts, agreements, invoices, bills of lading, or other documents between United Global Alliance, Qanex, Inc., and any alleged distributor of 3M branded respirators regarding the procurement, sourcing, importation, sale, offer to sell, purchase, return or other actions involving 3M branded disposable respirators.

6. Documents or Communications, whether written or electronic, regarding, pertaining to, or otherwise referencing the approximately 280,000 3M branded disposable respirators delivered to the North Carolina Division of Emergency Management (NCEM) in late August/early September 2020, including, but not limited to, any communications and records pertaining to the rejection and return of those respirators by NCEM and the location and party to which those respirators should be returned by NCEM.

7. Documents or Communications , whether written or electronic, regarding, pertaining to, or otherwise referencing the disposition of the approximately 280,000 3M branded disposable respirators returned by NCEM to Defendants on or about September 21, 2020.

8. Documents and Communications sent by You to any person or entity referencing any "3M" distributor.

9. The locations and addresses of all past and current Qanex offices and facilities, including in and outside of the United States.

10. The locations, addresses, and names of all Qanex employees.

11. The location, addresses, and current balances of Qanex's bank accounts.

RESPECTFULLY SUBMITTED, this, the 21st day of December, 2020.

> V. Phillip Hill IV **(GB# 637841)**
> **Gordon Rees Scully Mansukhani, LLP**
> 55 Ivan Allen Junior Boulevard Northwest
> Suite 750
> Atlanta, GA 30308
> Telephone: 404-978-7302
> Email: phill@grsm.com
>
> and
>
> */s/ J. William Manuel*
> J. William Manuel (admitted pro hac vice)
> **Bradley Arant Boult Cummings LLP**
> One Jackson Place, Suite 1000
> 188 E. Capitol Street
> Jackson, MS 39201
> Telephone: 601-948-8000
> Email: wmanuel@bradley.com
>
> *Attorneys for 3M Company*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the above and foregoing document to be filed with the Clerk of the Court using the EM/ECF Filing System which sends notification of such filing to all counsel of record.

THIS, the 21st day of December, 2020.

> */s/ J. William Manuel*
> J. William Manuel